IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMITY S. JOHNSON,

    Plaintiff,

v.                                      No. 1:23-cv-00135-MV-KRS

SEABOURN CRUISE LINE,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed February 14, 2023, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. 2, filed February 14, 2023.

Plaintiff, who is proceeding *pro se*, filed a Complaint against Defendant Seabourn Cruise Line Ltd. alleging:

> I experienced consumer fraud and assault while on a cruise ... early on in the voyage ... I became seasick ... One staff person became insistent that I visit the ship's medical center ... I politely refused.  He insisted, and when I refused again, he had me forcibly and violently removed from the vessel.

Complaint at 2-3, Doc. 1, filed February 14, 2023.  Plaintiff asserts a claim of "Racketeering in violation of 18 U.S.C. §§ 1951-1960." Complaint at 4 (stating "Seabourn employees used robbery and extortion in furtherance of a scheme to collect an unearned profit").  Plaintiff believes that she is "due a refund for this cruise" in the amount of $88,000.00 plus other damages.  Complaint at 3, 6.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that:

> The Complaint fails to state a claim pursuant to 18 U.S.C. §§ 1951-1960.  Sections 1951-1960, which establish fines and imprisonment terms, are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v.*

*Rockefeller*, 69 F. App'x 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Because Plaintiff is proceeding *pro se*, the Court liberally construes her Complaint as asserting a civil RICO claim pursuant to 18 U.S.C. § 1964(c), which provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [describing prohibited activities related to racketeering activity] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains." 18 U.S.C. § 1964(c).

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022). Plaintiff does not identify which racketeering acts listed in 18 U.S.C. § 1961(1) and which prohibited activities listed in 18 U.S.C. § 196[2] Defendant allegedly committed. Plaintiff also does not allege that Defendant committed at least two racketeering acts within 10 years of each other.

Order at 2-3, Doc. 5, filed February 24, 2023. Judge Sweazea ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See* Order at 5. Plaintiff did not file an amended complaint or otherwise respond to Judge Sweazea's Order by the March 17, 2023, deadline.

The Court dismisses this case without prejudice because: (i) the Complaint fails to state a claim upon which relief can be granted for the reasons stated in Judge Sweazea's Order; and (ii) Plaintiff did not file an amended complaint or otherwise respond to Judge Sweazea's Order by the March 17, 2023, deadline.

Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss or Transfer for Improper Venue (28 U.S.C. § 1406(a)) and Improper Forum (28 U.S.C. § 1404(a)), Doc. 7, filed March 8, 2023. Plaintiff did not file a response to the Motion to

2

Dismiss or request an extension of time to do so by the March 22, 2023, deadline. Because it is dismissing this case for failure to state a claim, the Court denies Defendant's Motion to Dismiss without prejudice.

**IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii)     Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss or Transfer for Improper Venue (28 U.S.C. § 1406(a)) and Improper Forum (28 U.S.C. § 1404(a)), Doc. 7, filed March 8, 2023, is **DENIED without prejudice.**

_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**